```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ABDOULAYE TRAORE,                                                  :
                                                                   :        OPINION AND ORDER
                              Plaintiff,                           :
                                                                   :        14 Civ. 8463 (ER)
                 -against-                                         :
                                                                   :
POLICE OFFICE ANDREW ALI SHIELD #30757,                            :
POLICE OFFICER ANGEL CRESPO SHIELD #14376,                         :
POLICE OFFICER RODOLFO BISONO OF                                   :
THE 24TH PRECINCT, and DETECTIVE MARCELO                           :
RAZZO SHIELD #924377,                                              :
                                                                   :
                              Defendants.                          :
-------------------------------------------------------------------x
```

Ramos, D.J.:

  Abdoulaye Traore ("Plaintiff"), acting *pro se*, brings the instant action against Officer Andrew Ali ("Ali"), Officer Angel Crespo ("Crespo"), Officer Rodolfo Bisono ("Bisono"), and Detective Marcelo Razzo ("Razzo," and collectively "Defendants"), pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising from his arrest and subsequent treatment while in custody. Before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion is GRANTED.

I. **Factual Background**[1]

  Plaintiff was arrested in the early morning of January 20, 2011, after shopping at a CVS located on 96th Street between Broadway and Amsterdam Avenue in New York City. Compl. ¶¶ 1-3. According to Plaintiff, after exiting the CVS he was approached by plain-clothes police officers "with [their] weapons drawn." *Id.* ¶ 3. Accordingly, Plaintiff claims he fled from the

---

[1] The facts are based on the allegations in the Complaint, Doc. 1, which the Court accepts as true for purposes of the instant motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

unidentified officers "in fear of his life." *Id.* ¶ 4, part 3 at 1 (a copy of a Complaint Follow Up form summarizing Plaintiff's interview at the Precinct labeled by Plaintiff as "Exhibit A").[2] Once the police officers identified themselves as such, Plaintiff claims he stopped fleeing, put his hands in the air, and kneeled on the ground. *Id.* ¶ 5. Plaintiff was then allegedly beaten by Defendants, Officers Ali and Crespo, with their fists, feet, and weapons. *Id.* While Plaintiff was allegedly being beaten, unidentified police officers arrived to handcuff and arrest Plaintiff. *Id.* ¶¶ 5-6. Plaintiff contends that the beating continued while he was handcuffed. *Id.* ¶ 7. As a result of the alleged beatings, Plaintiff claims that he was bleeding from his head and face, had pain in his back, and that his back, arms, and hands were sore. *Id.* ¶ 8.

After his arrest, Plaintiff was taken to the 24th Precinct where he claims that he was in need of immediate medical assistance but that his request for medical assistance was denied. *Id.* ¶ 7. Plaintiff acknowledges that while at the Precinct he refused to participate in the interview process due to his injuries and alleges that, as a result, he was again "beaten and attacked" by two Defendants, Officer Bisono and Detective Razzo. *Id.* ¶¶ 8-9. An ambulance was then called and Plaintiff was transported to St. Luke's hospital. *Id.* ¶ 9. Plaintiff was diagnosed with a "lumbosacral [lower back] strain" and a "contusion" and was released the same day. *See id.* part 4 at 2, part 5 at 1 (labeled by Plaintiff as "Exhibit B"). After Plaintiff was treated at St. Luke's, he was again taken to the 24th Precinct to be processed and transported to central booking. *Id.* ¶ 11.

An unsigned New York State Felony Complaint against Plaintiff, *The People of the State of New York v. Traore*, No. 2011 N.Y. 5599, charged him with attempted robbery in the first degree under New York Penal Law 110/160.15(4) and criminal possession of a weapon in the

---

[2] The Court refers to the attachments to Plaintiff's Complaint by their ECF document and page numbers.

second degree under New York Penal Law § 265.03(1)(b).[3]  *See id.* part 3 at 2.  Plaintiff was arraigned on these charges on January 21, 2011.  *See* Declaration of Daniel G. Saavedra in Support of Defendants' Motion to Dismiss ("Saavedra Decl.") Ex. D; *see also* Compl. ¶ 12.  Plaintiff pled guilty to criminal possession of a weapon on October 13, 2011 and was sentenced and incarcerated on October 27, 2011.  *See* Saavedra Decl. Ex. E; *see also* Compl. ¶ 15.

Plaintiff contends that he made numerous complaints to the 24th Precinct and the Civilian Complaint Review Board regarding his treatment on January 20, 2011.  Compl. ¶¶ 10, 13.  Plaintiff, however, attaches only a copy of a "Civilian Complaint Report" dated July 7, 2009 against an officer of the 24th Precinct in regards to an incident that occurred on June 27, 2009 at 2:45 in the morning.  *See id.* part 2 at 7 (labeled by Plaintiff as "Exhibit C").  Except for the fact that the incident also involved the 24th Precinct and occurred in the same New York City neighborhood, the 2009 incident appears to be completely unrelated to Plaintiff's January 20, 2011 arrest.

Plaintiff also contends that after his arrest he was denied medical treatment "numerous times" while imprisoned at Rikers Island.  *Id.* ¶ 15.  Plaintiff attaches a "Grievant's Statement Form" dated February 15, 2011 to his Complaint asserting that on an unspecified date he

---

[3] "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime."  N.Y. Penal Law § 110.00.

 "A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: . . . Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime."  *Id.* § 160.15

"A person is guilty of criminal possession of a weapon in the second degree when:  (1) with intent to use the same unlawfully against another, such person: . . . (b) possesses a loaded firearm . . ."  *Id.* § 265.03(1)(b).

requested medical treatment for his lower back pain, headaches, and dizziness, allegedly related to his January 20, 2011 arrest, but that no treatment was provided. *Id.* part 3 at 4 (labeled by Plaintiff as "Exhibit F"). According to Plaintiff, he still suffers from and takes medication for injuries, including depression and back pain, resulting from the alleged beatings that occurred during his arrest. *Id.* ¶ 14.

## II. Procedural Background

Plaintiff commenced this action on October 17, 2014. Doc. 1. On February 5, 2015, the Court granted Defendants' request for leave to file a motion to dismiss the action. Doc. 13. On March 30, 2015, Defendants Bisono and Razzo filed the instant motion, Doc. 28, and on April 30, 2015, the Court granted Defendant Ali's and Crespo's request to join the motion. Docs. 35, 36. Defendants notified the Court on September 11, 2015, that Plaintiff had not responded to the motion by April 27, 2015 as directed by the Court and requested that the Court treat the motion as unopposed and fully submitted. *See* Docs. 13, 38. By order dated September 11, 2015, the Court directed Plaintiff to respond to Defendants' motion by September 28, 2015 and advised Plaintiff that failure to do so may result in adverse judicial action, including dismissal. Doc. 39. Plaintiff did not respond to the motion to dismiss, nor did he communicate with the Court in any manner. On December 30, 2015, the Court ordered additional briefing regarding Plaintiff's state criminal record based on his January 20, 2011 arrest and subsequent criminal procedures. Doc. 40. Defendants submitted the additional briefing on January 22, 2016. Doc. 41.

## III. Standard of Review

### a. Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all of the factual allegations from the complaint, and draw all

reasonable inferences in the plaintiff's favor.  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).  However, this requirement does not apply to legal conclusions, bare assertions, or conclusory statements.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must adhere to Rule 8(a), which has been interpreted to require that it contain enough factual matter for the claim to be plausible on its face.  *Id.* (citing *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 678-79.  If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] Complaint must be dismissed."  *Twombly*, 550 U.S. at 570.

The same standard applies to motions to dismiss *pro se* complaints.  *See Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010).  However, the Court is also obligated to construe a *pro se* complaint liberally and to interpret a *pro se* plaintiff's claims as raising the strongest arguments that they suggest.  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue."  *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).  "However, even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level."  *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  A complaint that "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks and brackets omitted); *see also Triestman*, 470 F.3d at 477 ("[P]*ro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

      **b. Extrinsic Material**

A court may also take into account matters of which judicial notice can be taken. Although review is "generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits,"[4] "we may also look to public records, including complaints filed in state court, in deciding a motion to dismiss." *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (internal citation and quotation marks omitted); *see also DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that the Court may also consider a document that is attached to the complaint, incorporated by reference or integral to the complaint, provided there is no dispute regarding its authenticity, accuracy or relevance). It is also routine for courts to take judicial notice of court documents, "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see, e.g., Kendall v. Cuomo,* No. 12 CIV. 3438 (ALC), 2013

---

[4] Plaintiff attaches nine documents to his complaint: (1) a letter dated September 18, 2014 from M. Ruvio, SW-II, describing Plaintiff's medical diagnosis, reported symptoms, and prescribed medication, Compl. part 2 at 6; (2) Civil Complaint Report dated June 27, 2009, *id.* at 7 (labeled "Exhibit C" by Plaintiff); (3) Complaint – Follow Up form dated January 20, 2011, *id.* part 3 at 1 (labeled "Exhibit A" by Plaintiff); (4) Felony Complaint dated January 20, 2011, *id.* at 2 (labeled "Exhibit D" by Plaintiff); (5) a partially illegible list of medications purportedly prescribed to and taken by Plaintiff, *id.* at 3 (labeled "Exhibit E" by Plaintiff); (6) a Grievant's Statement Form dated February 2, 2011, *id.* at 4 (labeled "Exhibit F" by Plaintiff); (7) a letter from Plaintiff to Claim Examiner in New York City's Comptroller's Office dated August 9, 2011, *id.* at 5 (labeled "Exhibit H" by Plaintiff); (8) a letter from the New York City Comptroller Office noting the office received Plaintiff's "inquiry regarding your claim" dated July 18, 2011, *id.* part 4 at 1 (labeled "Exhibit G" by Plaintiff); and (9) a report from St. Luke's Emergency Department with Plaintiff's diagnosis dated January 20, 2011 (labeled "Exhibit B" by Plaintiff), *id.* at 2.

WL 5425780, at *6 (S.D.N.Y. Sept. 27, 2013) (taking judicial notice of a valid court order Plaintiff claimed was "false, fake, and nonexistent").

Defendants attach five exhibits to their motion to dismiss: (1) an unrelated Complaint filed by Plaintiff in *Traore v. Police Officer Frank Laqudara*, No. 11 Civ. 3486 (SAS) dated May 10, 2011, Saavedra Decl. Ex. A; (2) Plaintiff's general release from the *Laqudara* lawsuit dated June 25, 2013, *id.* Ex. B; (3) the Complaint filed in the instant action, *id.* Ex. C; (4) evidence of Plaintiff's arraignment before Judge Boyar in *People of the State of New York v. Abdoulaye Traore*, *id.* Ex. D; and (5) the certificate of disposition also in *People of the State of New York v. Abdoulaye Traore*, *id.* Ex. E.  Because the Court may take judicial notice of court documents filed in other actions, *see Kramer*, 937 F.2d at 774; *Parker v. City of New York*, No. 09 Civ. 910 (JG), 2010 WL 1693007, at *3 n.2 (E.D.N.Y. Apr. 28, 2010) (taking judicial notice of the date of the plaintiff's arraignment in state court to determine statute of limitations), the Court considers (1) the Complaint filed by Plaintiff in *Laqudara*, Saavedra Decl. Ex. A; (2) evidence of Plaintiff's arraignment in *People of the State of New York v. Abdoulaye Traore*, *id.* Ex. D; and (3) the certificate of disposition also in *People of the State of New York v. Abdoulaye Traore*, *id.* Ex. E.

The June 25, 2013 general release, however, was not filed on the public electronic docket for *Laqudara* and thus, the agreement is not a matter of public record.  Moreover, Plaintiff does not reference or attach the general release in his Complaint or any exhibits attached thereto. Accordingly, the Court cannot consider the accompanying general release without converting the motion from a motion to dismiss into a motion for summary judgment.  *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) ("When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and

decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." (internal citation and quotations omitted)); *Muhammad v. Schriro*, No. 13 Civ. 1962 (PKC), 2014 WL 4652564, at *1, *3 (S.D.N.Y. Sept. 18, 2014) (considering a general release that was not incorporated by reference into the Complaint and where there was no indication that the release was publically filed only after converting the motion to dismiss to a motion for summary judgment). The Court declines to convert this motion to dismiss into a motion for summary judgment, and thus, excludes the general release. *See Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 499 (S.D.N.Y. 2003) (finding judicial notice to be inappropriate when an unauthenticated general release was attached to a reply and went beyond a complaint's allegations but declining to convert the motion to dismiss into a motion for summary judgment).

## IV. Discussion

Liberally construed, Plaintiff's complaint alleges causes of action under Section 1983 arising out of Plaintiff's January 20, 2011 arrest for excessive force, deliberate indifference of medical needs, false arrest, illegal detainment,[5] and malicious prosecution. *See* Compl. ¶ 10. Plaintiff also asserts a claim for deliberate indifference of medical needs while imprisoned at Rikers Island. *Id.* ¶ 15. Defendants contends that all of Plaintiff's causes of action are time-barred under the applicable statute of limitations and, to the extent that Plaintiff's claims may be

---

[5] Plaintiff's claim for illegal detainment is best construed as a claim for false arrest or false imprisonment arising out of his arrest on January 20, 2011 and not a claim that his current imprisonment constitutes illegal detainment, which may only be brought as a habeas corpus petition. *See Spillman v. Cully*, No. 08 Civ. 0008 (MAT), 2008 WL 4960456, at *3 (W.D.N.Y. Nov. 19, 2008) ("plaintiff could pursue in this Court his claim of being illegally detained only by way of a federal habeas petition.").

construed as state law claims under New York law, they should be dismissed because of Plaintiff's failure to comply with New York State statutory requirements. Defs.' Mem. at 5, 12.[6]

### a. Statute of Limitations

"[F]or statute of limitations purposes, a *pro se* prisoner's complaint is deemed filed on the date that the prisoner turn[s] his complaint over to prison officials for transmittal to the court, not when the court actually receives it." *See Abbas v. Dixon*, 480 F.3d 636, 638 n.1 (2d Cir. 2007) (citations and internal quotation marks omitted). Here, the earliest date reflected on Plaintiff's Complaint, and thus, the earliest date that the Complaint could be deemed filed, is September 21, 2014. *See* Compl. at 16.

"Since Congress has not established a federal statute of limitations for actions brought in federal court under § 1983, we are instructed to apply the state statute of limitations most appropriate to § 1983 actions." *See Singleton v. City of New York*, 632 F.2d 185, 189 (2d Cir. 1980). The applicable statute of limitations in a Section 1983 action is found in the state's "general or residual statute for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 250 (1989), which in New York is the three-year statute of limitations governing unspecified personal injury actions. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citing New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 214(5)); *see also Fairley v. Collins*, No. 09 Civ. 6894 (PGG), 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011). Accordingly, Plaintiff's claims are subject to a three-year statute of limitations. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (applying a three year statute of limitations to a claim of deliberate indifference of medical needs); *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995)

---

[6] Defendants also argue that Plaintiff's action is barred by the stipulation and order of dismissal and general release signed by Plaintiff in the *Laqudara* action. *Id.* at 2, 7. The Court, however, excluded the stipulation and order of dismissal and general release as inappropriate to consider on a motion to dismiss, and thus, does not address the issue.

(applying a three year statute of limitations to a claim of malicious prosecution); *Mitchell v. Home*, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005) (applying a three year statute of limitations to claims of false arrest and false imprisonment); *Quiles v. City of New York*, No. 01 CIV. 10934 (LTS) (THK), 2003 WL 21961008, at *5 (S.D.N.Y. Aug. 13, 2003) (applying a three year statute of limitations to a claim of excessive force).

### i. Accrual

"While state law supplies the statute of limitations for claims under [S]ection 1983, federal law determines when a federal claim accrues." *Fairley*, 2011 WL 1002422, at *3 (citing *Quiles*, 2003 WL 21961008, at *5). Generally, "accrual occurs 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Pearl*, 296 F.3d at 80 (citing *Singleton*, 632 F.2d at 191).

A Section 1983 claim of excessive force accrues on the date when the force occurred. *See Fairley*, 2011 WL 1002422, at *3, *4 (finding that the plaintiff's excessive force claim accrued on the day of the alleged beating); *Perez v. Police Dept. of City of New York*, 872 F. Supp. 49, 51 (S.D.N.Y. 1994) (finding the Plaintiff's claim for excessive force accrued when he was allegedly injured by the arresting officers). Plaintiff alleges that Defendants used excessive force against him by beating him during his arrest and the "interview/statement process" on January 20, 2011. Compl. ¶¶ 1, 7-9. Accordingly, Plaintiff's excessive force claim accrued on January 20, 2011 and expired on January 21, 2014. Because Plaintiff did not file his Complaint until September 2014, his excessive force claim is time-barred.

Similarly, a claim of deliberate indifference of medical needs brought under Section 1983 accrues when medical treatment is denied. *See Fairley*, 2011 WL 1002422, at *3, *4 (noting "a claim for deliberate indifference accrues when the plaintiff knows or has reason to know of the

10

injury" and finding that the plaintiff's claim accrued on the day of the alleged beating); *Gonzalez v. Wright*, 665 F. Supp. 2d 334, 349 (S.D.N.Y. 2009) (finding deliberate indifference claims time barred because "[n]early every discrete action which plaintiff complains took place more than three years before he commenced this lawsuit"). Plaintiff asserts that he requested but was denied medical assistance on two separate occasions: (1) the date of his arrest, January 20, 2011, and (2) while he was imprisoned in Rikers Island on or before February 15, 2011. Compl. ¶¶ 7, 15, part 3 at 4. Plaintiff, however, was immediately aware of his injuries when they occurred on January 20, 2011, and was aware that he did not receive treatment when he first requested it. *Id.* ¶¶ 7-9 (alleging that the beating Plaintiff received during and after his January 20, 2011 arrest left him bleeding and in pain and that he requested medical treatment as a result of his injuries). Accordingly, Plaintiff's claims expired in January 2014 and February 2014, respectively. Because Plaintiff did not file his suit until September 21, 2014, both claims are time-barred.

A claim for false arrest or false imprisonment[7] under Section 1983 accrues "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Lynch v. Suffolk County Police Dept., Inc.*, 348 Fed. App'x 672, 675 (2d Cir. 2009) (summary order) ("for a claim of false arrest . . . the statute of limitations begins to run 'when the alleged false imprisonment ends' . . . [and] 'the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges.'" (quoting *Wallace*, 549 U.S. at 388-89)). Accordingly, while Plaintiff was arrested on January 20, 2011, the statute of limitations did not begin to run on his claims for false arrest and false

---

[7] False arrest and false imprisonment may be analyzed together as "the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999) (summary order) ("False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment."); *see also Icangelo v. Kelly*, No. 13 Civ. 1638 (SJF), 2014 WL 3490396, at *3 (E.D.N.Y. July 11, 2014).
.

imprisonment until the following day, January 21, 2011, when he was arraigned on charges. *See Lynch*, 348 Fed. App'x at 675 (citing *Wallace*, 549 U.S. at 388-89); Compl. ¶ 1; Saavedra Decl. ¶ 3, Ex. D. Thus, Plaintiff's false arrest claim expired in January 2014 and is, therefore, time-barred.[8]

### ii. Tolling

"[S]tate tolling rules, like state limitations periods, govern federal actions brought under [Section] 1983 except when inconsistent with the federal policy underlying [Section] 1983." *Singleton*, 632 F.2d at 191. Construed liberally, Plaintiff's Complaint contains several arguments for why the statute of limitations should be tolled.

*First*, Plaintiff contends in his Complaint that Defendants are equitably estopped from asserting statute of limitations as a defense because Defendants fraudulently misrepresented that they were going to, but ultimately did not, charge him with resisting arrest or interfering with a criminal investigation and thus, his claims should accrue from the date when Plaintiff knew no additional criminal charges would be forthcoming. Compl. ¶¶ 12, 15. "New York appears to use . . . equitable estoppel to cover both the circumstances where the defendant conceals from the plaintiff the fact that he has a cause of action [and] where the plaintiff is aware of his cause of action, but the defendant induces him to forego suit until after the period of limitations has expired." *Pearl,* 296 F.3d at 82; *see also Perez*, 872 F. Supp. at 52 n.2 ("[e]quitable estoppel acknowledges that the statute has run, [and] is invoked to estop the defendant from asserting the

---

[8] Plaintiff's claim for false arrest also fails because he was convicted of one of the crimes he was arrested for and thus, is "barred from bringing a claim for false arrest because one element of such a claim is the absence of probable cause, and a valid conviction establishes the existence of probable cause." *Vallen v. Connelly*, 36 Fed. App'x 29, 31 (2d Cir. 2002) (summary order) (internal citations omitted); *see also Icangelo v. Kelly*, No. 13 Civ. 1638 (SJF), 2014 WL 3490396, at *3 (E.D.N.Y. July 11, 2014).
.

12

defense because defendant's actions lulled the plaintiff into forbearing from bringing suit within the period of limitations."). Here, however, Plaintiff does not plead any facts to support his claim that Defendants acted fraudulently by not charging him with resisting arrest or interfering with a criminal investigation, nor does Plaintiff state why his belief that he would be charged with additional crimes prevented him from timely filing his Complaint. *Abbas*, 480 F.3d at 642 ("Due diligence on the part of the plaintiff in bringing an action, however, is an essential element of equitable relief.  The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim have ceased to be operational." (internal quotations and citation omitted)).  Contrary to Plaintiff's contention, the documents attached to Plaintiff's Complaint— a letter from the New York City Comptroller's Office noting that the office received Plaintiff's "inquiry regarding your claim" dated July 18, 2011, Compl. part 4 at 1, and Plaintiff's letter to the New York City Comptroller dated August 9, 2011, *id.* part 3 at 5—provide no basis for a finding that Defendants fraudulently induced Plaintiff to postpone commencing the instant action.  Accordingly, the doctrine of equitable estoppel does not apply.[9]

*Second*, Plaintiff alleges that the statute of limitations should be tolled for the time period of his criminal prosecution and subsequent incarceration.  Compl. ¶ 13.  Under New York law, however, criminal prosecution does not toll the statute of limitations:

> Although the [New York] statute codifies a number of the tolling rules developed at common law, there is no provision for tolling the time for filing a cause of action during the period when a criminal prosecution is pending against the plaintiff.  The New York legislature has thus determined that the policy of repose underlying

---

[9] To the extent that Plaintiff asserts that the statute of limitations should be equitably tolled, *see Perez*, 872 F. Supp. at 52 n.2, this also fails.  New York law "provides for [equitable] tolling only in circumstances not present here, such as when the plaintiff is an infant, is disabled by insanity, is serving a life sentence, when the defendant is located out of state; or when the court has stayed an action." *Fairley*, 2011 WL 1002422, at *5.

>  the statute of limitations outweighs any burden upon plaintiff arising from his being required to file a cause of action while he is subject to state prosecution.

*Singleton*, 632 F.2d at 191; *see also Fairley*, 2011 WL 1002422, at *5. Nor does New York law toll the statute of limitations due to Plaintiff's imprisonment. *See Venticinque v. Brown*, No. 09 Civ. 2861 (DLI) (MDG), 2010 WL 1486449, at *2 (E.D.N.Y. Apr. 14, 2010) ("imprisonment does not itself act as a toll for prisoners bringing § 1983 claims." (internal citation and quotations omitted)); *Fairley*, 2011 WL 1002422, at *5 ("New York does not toll the limitations period for most prisoners' lawsuits." (quoting N.Y. Civ. Rights § 79 ("A sentence of imprisonment in a state correctional institution for any term less than for life . . . shall not be deemed to suspend the right or capacity of any person so sentenced to commence and prosecute an action or proceeding in any court"))).

Plaintiff's reliance on *Hardin v. Straub*, 490 U.S. 536 (1998), discussing a Michigan statute which tolls the statute of limitations during an inmate's imprisonment, is also misplaced. While the Supreme Court in *Hardin* held that Michigan's tolling statute for prisoners and others suffering legal disabilities applied to Section 1983 cases, *id.* at 541, 544, New York has no such statute. *See Small v. Ortlieb*, No. 10 Civ. 1616 (CBA) (SMG), 2012 WL 3229298, at *4 (E.D.N.Y. Aug. 6, 2012) (explaining that *Hardin*, which "dealt with a Michigan state tolling provision that suspended the statute of limitations for prisoners," was inapplicable because "New York does not provide tolling for those who are imprisoned."); *see also* N.Y. C.P.L.R. § 208 (stating a disability for infancy or insanity, but not for imprisonment). Accordingly, Plaintiff's time to file his claims were not tolled during his criminal proceedings or his imprisonment.

Plaintiff's final argument, that the continuing violation doctrine—"an exception to the normal knew-or-should-have-known accrual date," *see Shomo*, 579 F.3d at 181—tolled his claim for deliberate indifference to his medical needs, fails. In order to assert the doctrine "the plaintiff

must allege (1) 'an ongoing policy of deliberate indifference to his or her serious medical needs'; and (2) for each defendant, 'some acts in furtherance of the policy within the relevant statute of limitations period.'" *Whitfield v. O'Connell*, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *5 (S.D.N.Y. Mar. 18, 2010) (quoting *Shomo,* 579 F.3d at 179)*, aff'd*, 402 Fed. App'x 563 (2d Cir. 2010).  Here, Plaintiff makes no allegations that Defendants have an ongoing policy of deliberate indifference to his medical needs or that Defendants undertook actions in furtherance of such a policy within the limitations period.  In fact, Plaintiff does not allege that any actions were undertaken by Defendants within the limitations period.[10]  Accordingly, the continuing violation doctrine does not toll Plaintiff's claims.

### b. Malicious Prosecution Under Section 1983

Regarding Plaintiff's claim for malicious prosecution, even if timely filed, Plaintiff cannot assert a claim because "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  Here, it is not disputed that Plaintiff was convicted upon his guilty plea and sentenced for charges arising out of his January 20, 2011 arrest.  *See* Saavedra Decl. Ex. E.  Thus, the prosecution did not terminate in his favor and his claim for malicious prosecution must, therefore, be dismissed.

### c. New York State Law Claims

To the extent that Plaintiff's Complaint may be liberally construed as alleging claims under New York state law, the Court declines to exercise supplemental jurisdiction over these state law claims.  Under 28 U.S.C. § 1367(c)(3), if the Court has dismissed all of the claims over

---

[10] Plaintiff's assertion that the continuing violation doctrine applies to toll his claims while he was "being criminally prosecuted" fails because, as discussed *supra*, under New York law criminal prosecution does not toll the statute of limitations.  *See Singleton*, 632 F.2d at 191; *see also Fairley*, 2011 WL 1002422, at *5.

which it has original jurisdiction, it may decline to exercise jurisdiction over any non-federal claims over which it could have exercised supplemental jurisdiction. Subject matter jurisdiction in the instant action is based on federal question jurisdiction. 28 U.S.C. § 1331. Having dismissed all of Plaintiff's federal claims under Rule 12(b)(6) as untimely it would be inappropriate to adjudicate his state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial. . . the state claims should be dismissed as well."); *McGugan v. Aldana–Bernier*, No. 11 Civ. 00342 (TLM), 2012 WL 1514777, at *8 (E.D.N.Y. Apr. 30, 2012) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice."), *aff'd*, 752 F.3d 224 (2d Cir. 2014). Therefore, to the extent that Plaintiff's allegations can be read to assert state law claims, all such claims contained in Plaintiff's Complaint are hereby dismissed as well.

## V.     Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Section 1983 claims is GRANTED. The Court declines to exercise supplemental jurisdiction over any state law claims and they are, therefore, dismissed without prejudice. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 28, to mail a copy of this Opinion and Order to Plaintiff, and to close this case.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

It is SO ORDERED.

Dated:   January 26, 2016
         New York, New York

                                                        _____
                                                        Edgardo Ramos, U.S.D.J.